IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                                                    Cr. No. H-12-0305-10

LUIS ALBERTO OJEDA MEDINA

**DEFENDANT'S REPONSE TO COURT'S DECEMBER 10, 2024 ORDER**

Defendant, Luis Ojeda, does not object to the Court taking judicial notice of the "Ask an Expert" website document and the 2012 letter from the Harris County case containing Mr. Ojeda's address for purposes of this speedy trial motion.

**1. Mr. Ojeda publicly tried to "Ask an Expert."**

The "Ask an Expert" document does not affect the speedy trial analysis significantly. It is uncontested that Mr. Ojeda was aware of an investigation involving his business and the arrest of Enrique Morales. Mr. Ojeda was contacted by a Houston reporter, and he asserted his innocence. The government never contacted Mr. Ojeda or advised him that he was formally charged. *Doc.* 314 at 21. The statement that Mr. Ojeda was "afraid that they will arrest me because of Him," does not negate that Mr. Ojeda's lack of travel to the United States from 2012 to 2018 was also affected by the credible evidence presented during the motions hearing regarding his wife's health and his personal and financial circumstances.

The "Ask an Expert" document supports the second *Barker* factor because it establishes that Mr. Ojeda did not know whether he was wanted or not. It appears to

1

show Mr. Ojeda publicly seeking legal advice about whether he was facing a criminal charge in the United States. He naively includes personal details about himself, including his full name, the name of his companies, and his date of birth. The initial question is undated; however, the conversation appears to take place in late 2012. Mr. Ojeda states, "I just do not know if I'm in the middle or what?" *Doc.* 336-1 at 1.

The advice that he received from the legal expert reinforces Mr. Ojeda's doubt as to whether he was charged. The "expert" advised Mr. Ojeda that if he were a person of interest, and the government knew how to contact him, Mr. Ojeda "would have been contacted already by the authorities." *Id.* at 2. This may have reassured Mr. Ojeda that he was not charged like Enrique Morales. This affects the third *Barker* factor by lessening the burden as to how Mr. Ojeda should have asserted his right to a speedy trial prior to his arrest in 2023.

Mr. Ojeda's final response on this website indicates his doubt regarding whether he was charged and articulates his desire to avoid a surprise arrest or detention. He states: "I just want to make sure that if I go to the USA and I go thru immigration. I would BE SURE that I'm not going to have a problem! with being detained by the authorities." *Doc.* 336-1 at 3.

A defendant's desire to avoid a surprise arrest or detention while traveling is not evidence of flight or evasion. Unlike the defendants in *Blanco and Escamilla*, Mr. Ojeda's concern about being arrested if he traveled to the United States does not carry the same weight in the speedy trial analysis as undisputed evasion from prosecution.

*United States v. Blanco* 861 F.2d 773, 779 - 80 (2d Cir. 1988) (defendant was aware of a warrant, used false documents, and chose to live abroad); *United States v. Escamilla* 244 F. Supp. 2d 760, 765 (S.D. Tex. 2003). (District court rejected a defendant's claim that he was entirely unaware of a criminal charge when he abandoned his own house and family in the United States to go live in Mexico).

Mr. Ojeda does not argue that he was unaware of a criminal investigation involving his business. However, this fact alone is not sufficient for the third *Barker* factor to weigh in the government's favor. Like the defendant in *Doggett*, it is not unreasonable for Mr. Ojeda to invoke his speedy trial after his arrest. *Doggett v. United States*, 505 U.S. 647, 654 (1992). The government failed to contact Mr. Ojeda or inform him of his charges. Mr. Ojeda publicly sought legal advice and lived openly, sharing his personal information online, with the U.S. Government (Customs and Border Patrol and Department of State), and with the Harris County Court.

**2. The Government did not Diligently Pursue Mr. Ojeda's Extradition**

The letter dated October 31, 2012, filed in the Harris County case further supports Mr. Ojeda's argument that the second Barker factor weighs heavily against the government. The address listed in that letter (Circuito de las Flores Norte) has been established by credible evidence as Mr. Ojeda's only residence from prior to his indictment in 2012 until his arrest in 2023. *Doc.* 336-2. The letter is strong evidence that the government failed to diligently seek Mr. Ojeda's extradition.

Like in *Fernandez*, in this case, the "hallmark of government diligence is extradition." *United States v. Fernandes*, 618 F. Supp. 2d 62, 69 (D.D.C. 2009). The government has failed to convincingly explain why they did not seek extradition of Mr. Ojeda in 2012 or 2013.

In 2012, the government had two potential addresses for Mr. Ojeda and had access to his true current address. The evidence presented by the government established that the government was actually aware of at least two potential addresses for Mr. Ojeda in 2012 (Avenida Obsidiana and Av. Providencia). *Doc.* 319-2 at 3 – 4. Despite this, the government failed to diligently investigate Mr. Ojeda's current location or seek his extradition. At best, they relied on a wait-and-see approach.

Additionally, in 2011, Mr. Ojeda provided his business address on "Avenida Obsidiana" to the Customs and Border Patrol, an agency of the Department of Homeland Security, as well as his corporate email, and three phone numbers. *Doc.* 328-3 at 6 -7. The government appears to have been unaware of that address, despite initiating an active "lookout" with the Customs and Border Protection to determine if Mr. Ojeda entered the United States. *Doc.* 319-2 at 2. There is no evidence of an attempt to subpoena, contact or otherwise investigate the email or phone numbers provided by Mr. Ojeda. Waiting for Mr. Ojeda to enter the United States for eleven years is not a diligent effort to pursue him. This approach was not a "serious investigative effort" and it contributed directly to the lengthy delay in Mr. Ojeda's

4

arrest. *United States v. Moreno*, 789 F.3d 72, 79–80 (2d Cir. 2015). Even without the Harris County letter, the second Barker factor weighs heavily against the government.

The letter located by the Court is further evidence of the government's negligence in pursuing Mr. Ojeda. As the Court noted in its order, the government referenced the Harris County case in its motion. Additionally, one of the governments exhibits, a filing in the Harris County case dated September 14, 2012, cites the federal government's investigation and Mr. Ojeda's legal exposure. *Doc.* 319-6 at 5. This suggests that a diligent effort by the government to locate Mr. Ojeda should have included closely monitoring any communication and filings from Mr. Ojeda, his company or his attorney in the Harris County case for any information about his whereabouts. This was not done, and it weighs against the government.

Finally, the letter is strong evidence that Mr. Ojeda was not fleeing prosecution. Mr. Ojeda submitted this address to his attorney and his attorney included it in a letter that publicly filed in October 2012. This supports Mr. Ojeda's argument that the third *Barker* factor does not weigh against him. This same address is again provided by Mr. Ojeda in his visa application in 2018. *Doc.* 319-10 at 10. Despite this, the government did not extradite Mr. Ojeda until 2023. Any argument that the government lacked access to "specific location information" and diligently tried to locate Mr. Ojeda to pursue extradition is not compelling. *Doc.* 327 at 3 – 4.

When appropriately balanced by the Court, the eleven-year delay, the lack of a serious, diligent effort to pursue Mr. Ojeda and extradite him, Mr. Ojeda's assertion of

innocence, his effort to seek legal advice, his living openly at the same address, the presumption of prejudice and the actual prejudice established by Mr. Ojeda require the Court to dismiss the indictment against him.

      Respectfully submitted,

      PHILIP G. GALLAGHER
      Interim Federal Public Defender
      Southern District of Texas No. 566458
      New Jersey State Bar No. 2320341

      By /s/ Amr A. Ahmed
      AMR A. AHMED
      Assistant Federal Public Defender
      Southern District of Texas No. 3088803
      Virginia State Bar No. 81787
      440 Louisiana, Suite 1350
      Houston, TX 77002-1056
          Telephone:  713.718.4600
          Fax:          713.718.4610

## **CERTIFICATE OF SERVICE**

I certify that on December 13, 2024, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to the office of Assistant United States Attorney Ralph Imperato and Keith Liddle.

      By /s/ Amr A. Ahmed
      AMR A. AHMED